THOMAS HINDS COMPANY, Respondent, *v.* COMMON SCHOOL DISTRICT No. 3, IN THE TOWN OF BOMBAY, FRANKLIN COUNTY, STATE OF NEW YORK, Appellant, Impleaded with ARCHIE E. McKINNON, Individually and as Treasurer of Common School District No. 3, in the Town of Bombay, Franklin County, New York, and Others, Defendants, and H. D. THOMPSON. & COMPANY, Respondent.

Third Department, July 6, 1934.

*Andrew J. Hanmer*, for the appellant.

*Arthur W. Handly*, for the plaintiff, respondent.

*Kellas & Kellas [L. M. Kellas* of counsel], for the respondent H. D. Thompson & Co.

RHODES, J.   A contract for the erection of a new school building was entered into in behalf of the defendant school district, described as owner, and defendants Proctor Pratt and Ruth Pratt, described as contractor.   The building has been completed and it is undisputed that there remains of the fund applicable to the payment of outstanding liens the sum of $513.29.

The decision and judgment below determined that there should be added to said fund available to the payment of such liens, the further sum of $2,339.15, heretofore paid by the owner, for items due and owing by the owner to the contractor.   Such payments were made to the defendant Massena Banking and Trust Company pursuant to assignments of said moneys by the contractor to said trust company, the consideration for such assignments being moneys advanced by the trust company to the contractor to permit payments of claims for labor and materials furnished in connection with the contract and which said moneys thus advanced by the trust company were actually used by the contractor for such purposes.   The assignments did not conform to the provisions of paragraph 5 of section 25 of the Lien Law, which requires in substance that every assignment of moneys due or to become due under a contract for public improvement shall contain a covenant by the assignor that he will receive any moneys advanced thereunder by the assignee as a trust fund to be first applied to the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement, and that he will apply the same to such payments only, before using any part of the advances for any other purpose.

The learned referee below held that the omission of this clause from the assignments rendered them invalid, and for this reason determined that the amounts paid thereunder were void and should be added to the fund available to the payment of liens.

The contract between the owner and the contractor provided for the payment each month of eighty-five per cent of the amount due for labor and materials incorporated in the work and for materials suitably stored at the site thereof, as estimated by the architect; that upon the contractor making application therefor the architect " shall, not later than the date when each payment falls due, issue to the contractor a certificate for such amount as he decides to be properly due."

Certificates of the architect were duly issued to the contractor and payments were made in behalf of the owner therefor, and out of the moneys then due and paid the bank received upon its said assignments the said sum of $2,339.15.

The decision contains a finding that the payments made to the bank by the district officers were made in good faith and that at the time of making those payments to the bank no liens or assignments had been filed with the district officers or in any other legal manner.

No lienor, laborer or materialman suffered injury by these payments. The contractor did what paragraph 5 of section 25 of the Lien Law contemplated, namely, such moneys advanced by the bank were applied by him in payment for labor and materials in connection with the contract. One of the findings is that " all of the money paid to the Bank had been advanced by it for labor and materials under the contract."

The trust company is not here seeking to enforce its assignments against lienors. The question is whether the moneys lawfully due, owing and paid to the contractor or to the bank upon the contractor's order, were illegal and void payments as against subsequent lienors. The question answers itself. The payments, being lawfully due and payable when made, could not thereafter be rendered illegal by subsequent events. The money received by the contractor from the bank was applied in carrying out the contract, and the money paid by the owner to the bank in behalf of the contractor replaced the money which the bank had advanced for such contract purposes. There was no lien then in existence, no diversion or misapplication of funds occurred, and the purpose of the statute, that moneys due under the contract be applied for labor and materials furnished thereunder, was effectuated.

The judgment, in so far as thereby it determines that said sum paid to the bank is chargeable against the owner and to be added to the fund available for the payment of the three remaining unsatisfied liens, should be reversed. The judgment should be modified by providing that the lienors for materials are entitled to have their liens satisfied *pro rata* out of the said sum of $513.29 and

that said lienors are entitled to judgment against the contractor for any deficiency remaining on their liens after applying said sum of $513.29 thereon, and as thus modified the judgment should be affirmed, with one bill of costs to the appellant against the lienors-respondents herein.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Judgment reversed on the law and facts, in accordance with opinion herein, in so far as such judgment determines that the payments comprising the sum of $2,339.15 in behalf of the defendant school district to the defendant Massena Banking and Trust Company, were illegal and void and that the same are chargeable against the owner as a fund available for the payment of the three remaining unsatisfied liens.

Said judgment is modified by providing that the said unpaid lienors for materials are entitled to have their liens satisfied *pro rata* out of the fund of $513.29 available therefor and that the said lienors are entitled to judgment against the contractor-defendants for any deficiency remaining on said liens after applying thereon the said sum of $513.29, and as thus modified is affirmed,,with one bill of costs against lienors-respondents herein.

The court reverses the thirtieth finding of fact contained in the decision and disapproves of the eighth, ninth, tenth and eleventh conclusions of law contained therein, and makes a new finding that there is now due from the school district defendant the sum of $513.29, which is subject to the payment of said liens for materials;

That the said lienors for materials are entitled to have their liens satisfied *pro rata* out of the said sum of $513.29.

That said lienors for materials are entitled to judgment against the contractor-defendants, Proctor Pratt and Ruth Pratt, for any deficiency remaining on their liens after applying the said sum of $513.29 thereon.

That said lienors for materials have no claim against the said school district defendant except to the extent of the said sum of $513.29.